# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ENCORE BENEFIT MANAGEMENT, INC.,

    Plaintiff,

    v.

PHOENIX BENEFITS MANAGEMENT, INC.,

    Defendant.

Civil No. 18-1788 (ADC)

## OPINION AND ORDER

Before the Court is defendant Phoenix Benefit Management's ("defendant") motion to dismiss based on insufficient service, **ECF No. 8**, and plaintiff Encore Benefit Management's ("plaintiff") motion to remand to state court, **ECF No. 11**. For the following reasons, the motion to dismiss at **ECF No. 8** is **MOOT** and the motion to remand at **ECF No. 11** is **DENIED**.

**I.    Procedural Background**

On September 6, 2018, plaintiff filed a complaint against defendant seeking over $1 million in monetary damages in the Puerto Rico Court of First Instance, San Juan Part, docketed in the state court as case number 2018-CV07066 ("the contract case"). **Civil No. 18-1821, ECF No. 8-1** at 10. On the same day, plaintiff filed a separate case in state court seeking injunctive relief against defendant, docketed as case number 2018-CV07069 ("the injunction case"). **ECF Nos. 16-1; 27-1** at 10. Plaintiff moved for consolidation of the cases in state court,

explaining that a "clerical error" caused the injunction request and contract complaint to be filed as two separate cases. **ECF No. 16-1**.

Defendant then removed both actions to this Court, where they were docketed as Civil Case No. 18-1821 (JAG) and No. 18-1788 (ADC). The Court granted defendant's request to consolidate both actions into the present case, to which plaintiff ultimately consented. **ECF Nos. 1, 29**; **Civil No. 18-1821, ECF Nos. 1, 9, 11**.

## II. Analysis

In its motion to dismiss, defendant complains that plaintiff's service of process in the injunction case was deficient because the contract complaint was not included with the injunction filings. **ECF No. 9** at 3–4. Defendant does not claim that the service effectuated in the contract case was improper. In other words, the document defendant claims was missing from the injunction case's service—the contract complaint—was properly served on defendant in the contract case. Having consolidated the two matters, the Court considers defendant's motion to dismiss for insufficient service moot.

Plaintiff's request for remand in the injunction case is based on lack of diversity jurisdiction arising out of the inability to meet the amount in controversy requirement due to plaintiff's request for purely equitable relief. **ECF No. 11**. Plaintiff concedes that the parties meet the diversity requirement. *Id*. at 4. Regardless of the degree of merit plaintiff's argument for remand had, now that the injunction case and contract case are consolidated, the amount in controversy is clearly within the jurisdictional range. **Civil No. 18-1821, ECF No. 8-1**. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking

declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). As stated above, the plaintiff seeks over $1 million in damages under the contract case.

Plaintiff also seeks remand on the basis that the parties agreed to adjudicate issues under their contract in "any court of competent jurisdiction located in San Juan, Puerto Rico." **ECF No. 11** at 5. Plaintiff implies, without explanation, that this means the state court in San Juan. This argument is a nonstarter. This Court is both in San Juan and has diversity jurisdiction over the matter. Accordingly, the motion to remand is also **DENIED**. **ECF No. 11**.

### III. Conclusion

The motion at **ECF No. 8** is **MOOT** and the motion at **ECF No. 11** is **DENIED**. The motion to dismiss or consolidate filed in the now-consolidated case, **Civil No. 18-1821, ECF No. 6**, is also **MOOT.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 13th day of March, 2019.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**